PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MANUEL BÁEZ, Defendant and Appellant.

Nos. 4436 and 4437. Argued January 12, 1932.—Decided February 8, 1932.

*Manuel F. Rossy* for appellant.  *E. Díaz Viera, Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Policeman Regino Calderón filed two complaints in the Municipal Court of Río Piedras against Manuel Báez in which the latter was charged with violating Act No. 75 regulating the operation of motor vehicles in Puerto Rico, approved April 13, 1916 (Session Laws, p. 141). One of said complaints is based on the provisions of subdivision (*e*) in connection with subdivision (*a*) of section 12 of the Act, and the violation consists in that on the night of October 26, 1929, the said defendant, while driving a truck along Road No. 25, in the ward of Monacillo, municipal district of Río Piedras, without exercising due care and without taking every reasonable precaution to insure the safety of persons and property, overtook with said vehicle María Rivera Ortiz who was traveling in the same direction along the said road, failed to warn such person of the approach of his vehicle, and at the same time the defendant was driving on the left side of the road, thereby causing an accident in which María Rivera Ortiz received several bruises and wounds . . . . ." The other complaint is based on the provisions of subdivision (*b*) of the aforesaid section, the violation consisting in that, after the accident took place the accused failed to stop and give his name and address, and license number, etc., to

the person injured or to any policeman or other person interested, leaving the person injured on the road, and proceeded on his way without reporting the details of the accident to any police station.

The defendant pleaded not guilty, and the court rendered judgment convicting him on both charges. He appealed and in a trial *de novo* in the district court, he was again found guilty on both complaints and fined $25 in each case. He has appealed to this Court and maintains in his briefs that the evidence fails to show that he was the person driving the truck when the accident occurred, or that the truck that actually struck María Ortiz was the one which the complainant policeman and another witness claimed to have recognized. He further maintains that it was not shown that the accident was due to any negligence on his part in operating the truck.

We have examined the evidence and in our judgment it is sufficient.

Subdivisions (*a*), (*e*), and (*b*) of section 12 of the Motor Vehicle Act read as follows:

"Section 12.—(*a*) That persons operating motor vehicles on the public highway shall at all times exercise due care and take every reasonable precaution to insure the safety of persons and property·

"(*e*) On overtaking another vehicle or person, warning shall always be given and the person or slower-running vehicle shall draw to the right as far as practicable, and the overtaking vehicle shall always pass to the left.

"(*b*) In case of accident to person or property due to the operation of a motor vehicle, the person operating such vehicle shall stop and give his name and address and license number to the person injured or to any policeman or other person interested, and, if not the owner of the vehicle, also the name and address of such owner. He also shall report the details of such accident at the next police station. In case of personal injury the automobile causing such injury shall take the injured person or persons to the hospital, if desired, or the residence of such injured person, if it be in the nearest town in either direction from the scene of the accident, and if not,

then such person or persons shall be taken to whichever of the two towns he requests."

The evidence adduced, such as it appears from the statement of the case filed by the defendant himself, is as follows:

"1. Policeman Regino Calderón, of age and a resident of Guaynabo, testified that on November 26, 1929, he was on the road loading to Guaynabo, in the ward of Monacillo, Río Piedras, at 9:30 o'clock p. m., when he saw coming a truck, license plate No. 923, used in the transportation of milk, going towards Guaynabo at an excessive speed and, as he found afterwards, driven by Manuel Báez; that just as the truck passed by he heard someone shout: 'it killed him'; that he then went down and saw the girl María Rivera who had been injured, according to the statements of eyewitnesses. He sent her in a truck to Río Piedras, and she had suffered a fracture and a blow.

"Questioned by counsel he said: That the truck carried a lantern and was traveling fast and that is all he knows.

"2. María Rivera Ortiz, who resides in Guaynabo and is a housewife, testified that on November 26 last she was going with her mother along the road towards the house of Mr. Agosto, and saw a vehicle traveling fast, with low lights, in the direction of Guaynabo; her mother walked in front and she followed behind; the truck approached the witness, swerved, and struck her in the chest and in a leg, threw her down and went on at great speed; then two cousins of hers who accompanied the witness took her to the Municipal Hospital; she knows the truck because it used to pass every day to transport milk.

"In answer to questions put by counsel, she said: That she was going along the road together with her two cousins, the latter in front and she behind them; that she cautioned them to look out, because the truck was going with low lights, towards Guaynabo, keeping to the right, but as its lights were dimmed it swerved and threw the witness down on the road; she can not tell how it struck her and missed her two cousins, because she walked behind, and that the truck swerved a great deal since the witness and her two cousins were traveling along the side of the road and she can not understand why the truck swerved; she saw the truck coming and took shelter because she was standing on the foot-path of the road and was caught near the ditch; she remained twenty days in the hospital and during fifteen days she did not feel well.

"3. Juan Coto, a carpenter and resident of Monacillo, testified that on October 26, of last year, while standing on the Guaynabo road, three young persons passed by him and shortly thereafter Mr. Rossy's truck came up and on passing him he heard a thud and the shouts of 'stop him; he killed her.' The witness was standing ahead-of the truck and signalled it to stop but it did not do so and went on; he then went to the aid of the person and lifted her from the ground, and she was Mrs. Ortiz. He stated that the truck belonged to Mr. Rossy as he recognized it when passing; that he did not know the chauffeur who was driving it because it had very poor lights; that it was going rather fast after the accident occurred, without sounding any horn; and that the name of the person injured was María Ortiz.

"On examination by counsel he said: That he did not see María being hit by the truck, but he did hear a thud; when the truck got ahead of him it was going fast and carried lights so as to see the road.

"In answer to questions put by the judge he stated that the truck was carrying a small light but insufficient to illuminate the road."

It is true that only one witness, the policeman, stated that the driver of the truck was defendant Manuel Báez and that he had learned this later; but it is also true that such statement was made by him without any objection on the part of the defendant, and it thus remained in the record.

In *People* v. *Asencio,* 16 P.R.R. 337, 341, this Court held that "it is a principle of law that any testimony may be considered by the court, if no objection whatsoever is made to the admission thereof. The right of objection is considered to have been waived if it is not exercised. This is an application of the maxim *consensus tollit errorem.*"

As to the identification of the truck, the evidence is complete.

With respect to one of the violations, that of subdivision (*b*), no proof of negligence was necessary. It was required in the case of the other violation charged. It was proved that the accident occurred on a highway; that the defendant was driving the vehicle at an excessive speed with low or

insufficient lights and that upon over taking a person who was also going along the road in the same direction it swerved, hitting such person in the chest and in one leg, inflicting on her wounds that compelled her to remain twenty days in the hospital. In our judgment the evidence was sufficient.

Both appeals should be dismissed and the judgments appealed from affirmed.